IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHILLIP G. STEPHENS,

    Petitioner,                    No. CIV S-06-2291 FCD GGH P

    vs.

BUREAU OF PRISON TERMS,        <u>ORDER</u> &

    Respondent.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner, a state prisoner proceeding with counsel, has filed a petition pursuant to 28 U.S.C. § 2254, wherein petitioner challenges "the BPT's failure to set a release date ...." Petitioner was convicted of first degree murder in 1977, and sentenced to a term of seven years to life. Petition, p. 1.

        On March 15, 2007, respondent filed a motion to dismiss, on the ground, inter alia, that petitioner has failed to exhaust his state court remedies, and setting the motion for hearing on April 19, 2007. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion

1

requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

On March 23, 2007, petitioner filed a statement of non-opposition to the motion to dismiss on the ground that petitioner has failed to exhaust state court remedies, conceding non-exhaustion. As petitioner has stipulated to this ground for dismissal, the court finds that the claims raised herein have not been presented to the California Supreme Court and there is no allegation that state court remedies are no longer available to petitioner. Pursuant to petitioner's non-opposition to dismissal on exhaustion grounds, the court does not find it necessary to reach any other ground raised by respondent. The court will recommend dismissal of the petition as unexhausted without prejudice[1] and will vacate the hearing set for this motion.

Accordingly, IT IS ORDERED that the April 19, 2007, hearing on respondent's motion to dismiss is vacated from the court's calendar.

IT IS HEREBY RECOMMENDED that respondent's March 15, 2006, motion to dismiss, which petitioner expressly does not oppose, be granted on the ground that petitioner has failed to exhaust state court remedies, and this petition be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

1 that failure to file objections within the specified time may waive the right to appeal the District
2 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: 4/10/07

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
step2291.mtd